IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  24-CR-10-LJV

JAVONTE J. HOLLOWAY,

Defendant.

---

## PLEA AGREEMENT

The defendant, JAVONTE J. HOLLOWAY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Superseding Information which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, acetyl fentanyl and fentanyl), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS OF THE CRIME AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.   that an agreement existed between two or more persons to commit a controlled substance felony offense;

   b.   that the defendant knew of the existence of the agreement; and

   c.   that the defendant intended to participate in the unlawful agreement.

### FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.   Beginning in or before December 2022, and continuing until in or about January 2023, the exact dates being unknown, in the Western District of New York, and elsewhere, the defendant, **JAVONTE J. HOLLOWAY**, did knowingly and willfully, combine, conspire, and agree with others, known and unknown, to commit the following offenses, that is, to possess with intent to distribute, and to distribute acetyl fentanyl, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

2

b.  During the conspiracy, the defendant sold large quantities of heroin, fentanyl and acetyl fentanyl in the Lockport, NY area. Typically, the defendant sold these substances in the form of counterfeit hydrocodone pills known as "percs" or "M-30s" which he obtained from a source of supply. The defendant utilized Facebook and Facebook Messenger to communicate with associates and customers, thereby facilitating and advancing his drug trafficking activities.

c.  Between at least July 2022 and December 2022, the defendant regularly sold counterfeit pills containing fentanyl and acetyl fentanyl to a couple whose initials were D.R. (female) and S.M. (male). During this period, the defendant delivered counterfeit pills to D.R. and S.M. at their residences on Pine Street and East Avenue in Lockport, NY. The defendant was aware that D.R. and S.M. had a small child, M.M., around whom D.R. and S.M. used the counterfeit pills containing fentanyl and acetyl fentanyl.

d.  On or about December 2, 2022, at 2:41 in the morning, the Lockport Police Department responded to an apartment on East Ave in Lockport, NY, where they found M.M. unresponsive. M.M.'s father, S.M. and mother, D.R. were also at the scene. M.M. was transported to Eastern Niagara Hospital where he was pronounced dead.

e.  At the East Ave. apartment, law enforcement seized several straws with residue and four blue pills with markings "M" and "30." The pills were in the bedroom where M.M. was found unresponsive. The DEA Laboratory confirmed that the pills contained approximately 0.411 grams of fentanyl and acetyl fentanyl, and that the recovered straws contained fentanyl residue.

f.  Dr. Sara Ohanessian of the Erie County Medical Examiner's Office conducted a postmortem examination of M.M. and issued an autopsy report on or about January 19, 2023, in which she listed M.M.'s cause of death as "Acute Fentanyl Toxicity." Dr. Ohanessian has concluded that the juvenile victim would not have died, but for the use of fentanyl.

g.  The defendant admits that he distributed counterfeit pills containing fentanyl and acetyl fentanyl to D.R. and S.M. in the hours preceding M.M.'s death on December 2, 2022, and that M.M.'s ingestion of such pills was the but-for cause of M.M.'s death.

h.  On or about February 1, 2023, law enforcement executed a New York State search and seizure warrant at the defendant's residence at 19 Works Place, Lockport, NY, and seized 27 round blue pills marked "M-30" which were tested and confirmed to contain fentanyl.

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6.  Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of conspiracy to possess with intent to distribute, and to distribute, fentanyl and the death of M.M. resulted from the use of such substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), all in violation of 21 U.S.C. § 846. The defendant agrees that the facts set forth in ¶ 4, above, specifically establish this more serious offense.

### BASE OFFENSE LEVEL

7.  It is the understanding of the government and the defendant that Guidelines § 2D1.1(a)(2) applies to the offense of conviction and provides for a base offense level of **38**.

### ACCEPTANCE OF RESPONSIBILITY

8.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **35**.

## CRIMINAL HISTORY CATEGORY

9.      It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

10.     It is the understanding of the government and the defendant that with a total offense level of **35** and criminal history category of **I**, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **168 to 210 months**, a fine of **$40,000 to $1,000,000**, and a period of supervised release of **3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

11.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence of imprisonment of **121 to 135 months**. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a

fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

12. The defendant understands that, except as set forth in ¶ 11, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.   STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

15. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss the Indictment pending against the defendant.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

19. The defendant understands, and the parties agree, that the offense of conviction which gave rise to this plea agreement, is an offense listed under Title 18, United States Code, Section, 3663A(c)(1), and therefore the Court must require restitution in an amount to be determined by the Court to be paid to the guardian of the victim, representative of the victim's estate, or other person appointed as suitable by the Court, as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

20. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victim's losses are not ascertainable prior to sentencing.

21. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government or if no deadline

is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

22. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

23. Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

24. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

25. The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution. The defendant further understands and agrees that under Section 3664(n), if the defendant is ordered to pay restitution, or a fine, and receives substantial resources from any source during a period of incarceration, including inheritance, settlement, or other judgment, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

26. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

27. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

28. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII. <u>APPEAL RIGHTS</u>

29. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range of **168 to 210 months, a fine of $40,000 to $1,000,000, and a period of supervised release of 3 years,** above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right

to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

30. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

31. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is less than the sentencing range of **121 to 135 months, a fine of $40,000 to $1,000,000, and a period of supervised release of 3 years**, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## TOTAL AGREEMENT AND AFFIRMATIONS

32. This plea agreement represents the total agreement between the defendant, JAVONTE J. HOLLOWAY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
JOSHUA A. VIOLANTI
Assistant United States Attorney

Dated: January 22, 2025

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, Justin Ginter, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JAVONTE J. HOLLOWAY
Defendant

Dated: January 22, 2025

_____
JUSTIN GINTER, ESQ.
Attorney for the Defendant

Dated: January 22, 2025

13